**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

OLIVIA RUX, et al.,

      **Plaintiff,**

      **v.**                              **Civil Action No. 2:04cv428**

THE REPUBLIC OF SUDAN,

      **Defendant.**

**ORDER**

      Presently before the Court are Plaintiffs Olivia Rux, et al.'s ("Plaintiffs'") Motion to Deem Admitted [Doc. No. 58] and Motion for Discovery Sanctions [Doc. No. 57].  For the reasons stated herein, both motions are **DENIED**.

**I.      Motion to Deem Admitted**

      On November 22, 2006, Plaintiffs served upon Defendant Republic of Sudan ("Sudan") a total of twenty-three requests for admission under Federal Rule of Civil Procedure 36.  Fed. R. Civ. P. 36.  See Mot. Deem Admitted Ex. A.  Sudan did not object to or deny Plaintiffs' requests for admission within thirty days, as required by Rule 36(a), nor did they respond.  Consequently, Plaintiffs ask the Court to enter an order deeming Sudan to have admitted each of the facts contained in Plaintiffs' First Requests for Admission, and deeming each of those facts as conclusively established.

      The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq., is silent as to the rules of discovery in suits against foreign states.  See H. REP. NO. 94-1487, 94th Cong., 2d Sess. at 23, as reprinted in 1976 U.S.C.C.A.N. 6621-22. ("The bill does not attempt to deal with

237ca552dfd491d1

questions of discovery.  Existing law appears to be adequate in this area."); see McKesson Corp.

v. Islamic Republic of Iran, 138 F.R.D. 1, 2 n.3 (D.D.C. 1991) ("The FSIA itself does not

attempt to proscribe international discovery procedures, but instead, directs the courts to refer to

domestic law in implementing the discovery process.").  Just as some discovery may be

necessary at the jurisdictional stage in order to establish whether a foreign state is immune from

suit under the FSIA, see Foremost-McKesson, Inc. v. Islamic Republic of Iran, 905 F.2d 438,

449 (D.C. Cir. 1990); Wyatt v. Syrian Arab Republic, 225 F.R.D. 1, 2 (D.D.C. 2004), discovery

may be appropriate after jurisdiction has been established in order to determine whether a

foreign state is liable.  Discovery requests are particularly important in FSIA cases because

information about the foreign sovereign and its dealings is often within that sovereign's control

and may or may not be available from alternative sources.

Under Rule 36(a), a matter for which a request for admission is made is "admitted unless,

within 30 days after service of the request . . . the party to whom the request is directed serves

upon the party requesting the admission a written answer or objection addressed to the matter,

signed by the party or by the party's attorney."  Fed. R. Civ. P. 36(a).  Sudan has failed to

respond to Plaintiffs' requests in accordance with Rule 36(a).  The Court is mindful, however, of

the procedural posture of this case.  The litigation is no longer an adversarial process in which

the Federal Rules of Civil Procedure operate under ordinary circumstances, but, rather, is a

default judgment proceeding.  The Court issued its trial scheduling order following Sudan's

failure to provide an Answer or other responsive pleading within the time permitted by the

Court.  Sudan has notified the Court and Plaintiffs that it does not intend to participate on the

merits of this case.  On February 8, 2007, upon motion by Plaintiffs, the Clerk of the Court

entered default against Sudan.  As the Court made clear in its December 5, 2006, Order, the

purpose of the non-jury trial to be held beginning March 13, 2007, is to determine whether there

exists evidence "satisfactory to the court" that justifies entry of a default judgment against

Sudan.  28 U.S.C. § 1608(e) ("No judgment by default shall be entered by a court of the United

States or of a State against a foreign state, a political subdivision thereof, or an agency or

instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by

evidence satisfactory to the court.").

Whatever evidentiary burden § 1608(e) imposes on Plaintiffs, it requires more than

uncontroverted allegations in order for a default judgment to be awarded.  See Ohntrup v.

Makina ve Kimya Endustrisi Kurumu, No. 76-742, 1993 WL 315636, at *2, n.3. (E.D. Pa. Aug.

18, 1993).  To treat as conclusive unanswered allegations which have been neither responded to

nor objected to would allow plaintiffs seeking default judgments against foreign sovereigns

under the FSIA to circumvent their burden of proof pursuant to § 1608(e).  This would

undermine the protection that Congress afforded foreign governments under § 1608(e), and

deprive courts of their responsibility to evaluate the evidence carefully before entering default

judgment against a foreign state.  The United States District Court for the Eastern District of

Pennsylvania in Ohntrup dealt with a similar situation in a suit against the Republic of Turkey

("Turkey").  Id.  Upon a motion for default judgment pursuant to § 1608(e), the plaintiffs

introduced certain requests for admissions to which Turkey failed to respond, and argued that

those admissions sufficiently established their right to recover.  Id.  The court disagreed:

> The notion that plaintiffs under 28 U.S.C. § 1608(e) must produce evidence satisfactory
> to the court in support of their claim implicitly means that plaintiffs may not rely on the
> uncontroverted allegations of the complaint to establish their right to relief . . . .  Were I

to accept the 'admissions' by Makina, which were in fact neither admitted nor denied by Makina, plaintiffs seeking default judgments from unresponsive foreign governments would be able to evade the evidentiary requirements of section 1608(e) by manufacturing evidence from the fact of the foreign government's lack of cooperation.  Section 1608(e) cannot be read to permit this form of bootstrapping.

Id.   This Court will likewise not permit "bootstrapping" by Plaintiffs, and will not consider the "admissions" in reaching a decision as to the question of liability.  Accordingly, Plaintiffs' Motion to Deem Admitted is hereby **DENIED**.

## II.        Motion for Discovery Sanctions

Plaintiff's Motion for Discovery Sanctions asks the Court to impose sanctions against Sudan pursuant to Rule 37 for its refusal to respond to Plaintiffs' discovery requests, namely its interrogatories, requests for production, and requests for admission.  See Fed. R. Civ. P. 37(b)(2) (stating that when parties fail to obey discovery orders, courts "may make such orders in regard to the failure as are just," and listing several possible sanctions); id. at (d) (permitting sanctions where a party fails to serve answers or objections to interrogatories or to serve a written response to a request for inspection).  Plaintiffs seek a similar remedy as the one sought in their Motion to Deem Admitted.  They ask that the Court order the facts contained in discovery requests, and "all natural and relevant" inferences drawn therefrom, be deemed conclusively established, and that "Sudan be estopped from opposing Plaintiffs' claims."  Mot. Discovery Sanctions 3-8.

To be sure, the matters addressed in the fourteen interrogatories, twenty-three requests for admission, and fifteen requests for production which Plaintiffs served are highly relevant to their claims against Sudan.  Mot. Discovery Sanctions 3-8; Mot. Deem Admitted Ex. A. Sudan's failure to cooperate surely frustrates Plaintiffs' task of gathering facts. The Court refuses, however, to impose the sanctions requested by Plaintiffs.  To deem as conclusive all of

the facts and inferences contained in Plaintiffs' discovery requests, which go to the heart of the claims in their Complaint, would effectively permit Plaintiffs to circumvent their duty to present satisfactory evidence to the Court.  See § 1608(e).  The Court does not hold that § 1608(e) prohibits the imposition of Rule 37(b) discovery sanctions against a foreign sovereign that is actively participating in the litigation.  Cf. United States v. Sumitomo Marine & Fire Ins. Co., Ltd., 617 F.2d 1365, 1370 (holding that Rule 55(e), prohibiting default judgments against the United States absent evidence "satisfactory to the court," does not immunize the United States against a preclusion order under Rule 37(b) for failure to comply with discovery orders).  The Court merely holds that, having ordered an evidentiary hearing in order to determine whether to enter default judgment against Sudan, the proper remedy for Sudan's failure to respond to Plaintiffs' requests is an entry of default judgment pursuant to § 1608(e), assuming the evidentiary requirements of that provision are met.  See Fed. Maritime Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 758, 122 S.Ct. 1864, 1873, 152 L. Ed. 2d 962 (noting that entry of default judgment is among the sanctions available under Rule 37(b)(2)).  Accordingly, Plaintiffs' Motion for Discovery Sanctions is hereby **DENIED** at this time.

The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to all counsel of record via United States mail.

**IT IS SO ORDERED.**

_____/s/_____
UNITED STATES DISTRICT JUDGE

February 12, 2007
Norfolk, Virginia

5